E-FILED
Tuesday, 07 July, 2026  03:15:29 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

KYLE LEE OWENS,
    Plaintiff,

v.

SPOON RIVER COLLEGE, JOHN
KURTZ, and NATIONAL JUNIOR
COLLEGE ATHLETIC
ASSOCIATION,
    Defendants.

Case No. 1:25-cv-01482-JEH-RLH

**Order**

Now before the Court is Defendants Spoon River College and John Kurtz's Motion to Dismiss Plaintiff's Amended Complaint (D. 17).[1]  For the reasons set forth *infra*, the Defendants' Motion is GRANTED.

**I**

On December 4, 2025, Plaintiff Kyle Lee Owens filed his lawsuit against Defendants John Kurtz, baseball coach at Spoon River College, Spoon River College in Canton, Illinois, and the National Junior College Athletic Association (NJCAA).  In his Amended Complaint (D. 12), filed on March 27, 2026, Plaintiff Owens alleges he was a duly enrolled tuition-paying student at Spoon River College, a college that receives federal financial assistance.  He alleges he sought the opportunity to try out for the college baseball team, but Defendant Kurtz denied him the opportunity to do so.  The Plaintiff further alleges that no written policy, eligibility rule, or objective standard was provided to justify the denial, and at the same time, the Defendants actively recruited and permitted participation by high school students and other

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

individuals who were not enrolled at the college. He includes five counts: age discrimination in violation of the Age Discrimination Act of 1975 (ADA), 42 U.S.C. § 6101, *et seq.* (Count I); a 42 U.S.C. § 1983 claim for violation of his Fourteenth Amendment equal protection rights (Count II); a claim for the denial of access to federally funded programs (Count III); a claim for breach of implied contract (Count IV); and a claim for arbitrary and capricious government action (Count V). The Plaintiff requests compensatory damages and declaratory and injunctive relief.[2]

## II

Defendants Spoon River College (College) and Kurtz filed the instant Motion to Dismiss, arguing, among other things, the Court lacks subject matter jurisdiction, and, alternatively, the Plaintiff fails to state an ADA of 1975 claim, an equal protection claim, a claim for denial of access to federally funded programs, and a claim for arbitrary and capricious government action. The Defendants also challenge the Plaintiff's breach of implied contract claim, arguing it should be dismissed under Section 2-615 of Chapter 735 of the Illinois Code of Civil Procedure. They seek dismissal with prejudice.

## A

The Court necessarily begins with the Defendants' challenge to the Court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (providing that a court is required to consider subject matter jurisdiction "as the first question in every case[]"). Federal Rule of Civil Procedure 12(b)(1) provides a complaint may be dismissed for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1).

Here, the Defendants argue Plaintiff Owens' Amended Complaint contains no allegation indicating Owens provided notice to the U.S. Secretary of Health and

---

[2] At the motion to dismiss stage, a court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Bronson v. Ann & Robert H. Lurie Child.'s Hosp. of Chi.*, 69 F.4th 437, 448 (7th Cir. 2023); *see also Kranos IP Corp. v. Riddell, Inc.*, 334 F. Supp. 3d 907, 912 (N.D. Ill. 2018) (explaining that the court assumes the truth of a counterclaim's factual allegations but not its legal conclusions).

Human Services, the Attorney General of the United States, and the person against whom the action is directed as required by Section 6104 of the ADA of 1975.  42 U.S.C. § 6104 provides in relevant part:

> When any interested person brings an action in any United States district court for the district in which the defendant is found or transacts business to enjoin a violation of this Act by any program or activity receiving Federal financial assistance, such interested person shall give notice by registered mail not less than 30 days prior to the commencement of that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed . . . .

42 U.S.C. § 6104(e)(1).  Additionally, Section 6104 provides that a plaintiff seeking to bring an ADA of 1975 claim must first exhaust the claim by filing an administrative grievance with the Department of Education.  42 U.S.C. § 6104(f); *see also* 34 C.F.R. § 110.31 (providing, in relevant part, that any person may file a complaint with the U.S. Department of Education alleging discrimination prohibited by the ADA of 1975 and shall do so within 180 days from the date the complainant first had knowledge of the alleged discrimination).  The Defendants do not argue the Plaintiff failed to first exhaust his claim.

Several district courts within the Seventh Circuit have determined that the ADA of 1975's notice requirement is jurisdictional.  *See Popkins v. Zagel*, 611 F. Supp. 809, 812 (C.D. Ill. 1985) ("Because the plaintiff has not demonstrated compliance with [Sections 6104(e) and (f) of the ADA of 1975], the Court lacks jurisdiction over this claim."); *Pullen-Walker v. Roosevelt Univ.*, No. 05 C 5648, 2006 WL 1843364, at *6 (N.D. Ill. June 28, 2026) ("However, both requirements [exhaustion and notice] must be satisfied for the Court to have jurisdiction."); *Henderson v. Devos*, No. 18-cv-713-jdp, 2020 WL 1442965, at *2 (W.D. Wis. Mar. 24, 2020) (finding the plaintiff could not proceed on his ADA of 1975 claim where he did not allege that he sent notice to the Secretary of Health and Human Services as required by Section 6104(e)); and *Pramuk v. Purdue Calumet Univ.*, No. 1:12-CV-77, 2012 WL 6552920, at *6 (N.D. Ind. Dec. 14,

2012) (acknowledging the Seventh Circuit had not yet ruled on whether the ADA of 1975's notice requirement is a jurisdictional prerequisite to suit, noting several district courts that considered the issue determined the notice requirement is jurisdictional, and finding those cases persuasive); *see also Alexander v. N.M. Vocational Rehab.*, No. 1:07-cv-0230 MCA/LCS, 2008 WL 11399605, at *6 (D.N.M. Sep. 25, 2008) ("There is no indication from the Complaint that Plaintiff has satisfied either the notice or the exhaustion requirement. Both requirements are jurisdictional.") (citing 42 U.S.C. § 6104(e)(1)).   Indeed, Section 6104(e)'s heading is "Injunctions; notice of violations; costs; *conditions for actions*."   42 U.S.C. § 6104(e) (emphasis added).   The Plaintiff's Amended Complaint contains no allegation indicating that he provided notice to the U.S. Secretary of Health and Human Services, the U.S. Attorney General, or the Defendants as required by Section 6104(e)(1).   Though the Plaintiff argues he provided actual notice given that he pursued institutional grievance procedures, met with college officials and administrators, communicated concerning the challenged conduct, and engaged in proceedings before the U.S. Department of Education's Office for Civil Rights (OCR), none of that amounts to the requisite notice of *this lawsuit* to the Secretary of Health and Human Services or the Attorney General of the United States.

The above-cited authority indicates the Court does not have jurisdiction over Plaintiff Owens' ADA of 1975 claim, but the Court has reservations in reaching that conclusion.  In *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), the Supreme Court held that the "threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue."  *Id*. at 516.  The *Arbaugh* court explained, "If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue."  *Id*. at 515-16.  Here, Section 6104(e) of the ADA of 1975 does *not* clearly state notice and exhaustion are jurisdictional.  *See L.B. v. Premera Blue Cross*, 781 F. Supp. 3d 1128, 1144 n.13 (W.D. Wash. 2025) (agreeing

4

with plaintiffs that administrative exhaustion is not a jurisdictional requirement for ADA of 1975 claims and noting the Sixth Circuit questioned the *opposite* conclusion in light of *Arbaugh*). In any event, even if the Court were to agree with the Defendants that the notice requirement is jurisdictional, the Plaintiff nevertheless fails to state a claim under the ADA of 1975.

B

Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint fails to state a claim. FED. R. CIV. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555). Similarly, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Id.* The Court is to draw all reasonable inferences in favor of the non-movant, but the Court "need not accept as true any legal assertions or recital of the elements of a cause of action 'supported by mere conclusory statements.'" *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)).

1

The Defendants argue that the Plaintiff's age discrimination claim must be dismissed because his allegations are not age-based. Title 42 of the United States

5

Code, Section 6102 provides, in relevant part, "[N]o person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance."  Specifically, the Defendants argue there is no allegation that Defendant Kurtz even knew of the Plaintiff's "non-traditional" student status or his age, much less any inferences that Owens was denied the opportunity to try out for the baseball program due to his age.  They argue, to the contrary, the Plaintiff's exhibits attached to his original complaint contradict his claims because those exhibits show that Owens, and any other students, generally were unable to try out for the baseball team due to the team roster being at capacity.  They also point to the report from the OCR, referred to by the Plaintiff in his Amended Complaint and previously attached to his original complaint, which stated the Plaintiff had not provided any information to suggest that Kurtz's practice was related to or was based on factors related to students' ages.  The Defendants underscore there are no facts in the Amended Complaint that go against that finding.  In his Response (D. 23) to the Defendants' Motion to Dismiss, the Plaintiff simply regurgitates what he previously said to the OCR (which was rejected) and argues he plausibly alleges the OCR's explanation is inconsistent with its finding that the coach's practice did not apply based upon age.

As the Defendants argue, the Plaintiff's Amended Complaint contains no more than conclusory statements that he was denied the opportunity to try out for baseball at the College, and he was denied that opportunity based on the "impermissible criteria" of his age.  Pl.'s Am. Compl. (D. 12 at ECF p. 7).  *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (explaining threadbare recitals of the elements of a cause of action supported by "mere conclusory statements" need not be accepted as true).  Moreover, the email from Defendant Kurtz to the Plaintiff dated April 25, 2023, attached to the Plaintiff's original complaint, reads:  "With having a full committed roster for the 2023-24 season, I will not be hosting open tryouts for the team.  I appreciate your interest in the [illegible] luck to you going forward."  Pl.'s

6

Compl. Ex. A (D. 1 at ECF p. 10). The U.S. Department of Education Office for Civil Rights letter dated December 12, 2023 addressed to the Plaintiff reads, in relevant part:

> While your complaint states that the College's baseball coach's practice of recruiting high school students for the team makes distinctions based only on age, the coach's practice applies to all students based on their academic seniority (e.g., high school senior versus college freshman) and not their age. You have not provided any information to suggest that the coach's practice is related to or was based on factors related to students' ages. Accordingly, your allegation fails to state a violation of one of the laws or regulations that OCR enforces.

Pl.'s Compl. Ex. D (D. 1 at ECF p. 15). "[A] court may judicially notice only a fact that is not subject to reasonable dispute." *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (citing FED. R. EVID. 201). The Defendants essentially ask the Court to take judicial notice of Defendant Kurtz's email and the OCR's letter, which the Court may do given that the Plaintiff originally attached those documents as exhibits to his original complaint. In other words, because the Plaintiff attached those documents to the original complaint filed in this case, he cannot now dispute what those documents say. *See Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."). And what those documents say contradicts the Plaintiff's conclusory allegations, rendering those allegations implausible. The Defendants put it succinctly: the College did not host open tryouts for any individuals because the roster was filled, and the Plaintiff has failed to allege any additional facts to somehow infer that Defendant Kurtz knew his age from the email or that the Plaintiff's age was a factor in the decision. The Plaintiff fails to state a claim for a violation of the ADA of 1975.

## 2

The Defendants next argue that the Plaintiff's claim for violation of the Equal Protection Clause should be denied because interscholastic athletics are not protected educational opportunities. Citing cases, the Defendants argue it was a discretionary decision the Defendants made not to hold open tryouts at all. *See Engquist v. Or. Dep't*

*of Agric.*, 553 U.S. 591, 603 (2008) (stating there are some forms of state action which by their nature involve discretionary decisionmaking "based on a vast array of subjective, individualized assessments", and in "such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise[]"); *Heike v. Guevara*, 519 F. App'x 911, 922 (6th Cir. 2013) (unpublished opinion) ("To subject run-of-the-mill coaching decisions to class-of-one equal-protection challenges would be to expose collegiate athletics to an unprecedented, unjustified, and unjustifiable level of judicial oversight."). The Plaintiff counters that he does not challenge ordinary coaching discretion or game management decisions, the nature of conduct the Defendants' cited case *Heike* actually dealt with. While the Plaintiff is correct that the Defendants' cited authority does not doom his equal protection claim, he still fails to state such a claim.

To state a class-of-one equal protection claim, a plaintiff must allege that he has been: 1) intentionally treated differently from others similarly situated; and 2) there is no rational basis for doing so. *Offutt v. City of Danville, Ill.*, 646 F. Supp. 3d 970, 977 (C.D. Ill. 2022). "[T]o get past a Rule 12(b)(6) motion to dismiss on a class of one equal protection claim, 'a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications.'" *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013) (quoting *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546 (7th Cir. 2008)). The *Kopp* court explained the "proper question" when reviewing an attempted class-of-one equal protection claim via a Rule 12(b)(6) motion to dismiss is: "Does the complaint reveal a rational basis for treating [the plaintiff] differently notwithstanding the [alleged facts casting the action as one taken out of animosity]?" *Id*. Here, Plaintiff Owens' allegations taken together with the indisputable Kurtz email and OCR letter reveal a rational basis for treating Owens differently, notwithstanding his allegations that Kurtz acted arbitrarily and irrationally. The Plaintiff fails to state a claim for violation of the Equal Protection

8

Clause.  *See id.* ("Whether or not bad motive is required, it is clear that an allegation of improper motive does *not* necessarily overcome the presumption of rationality and permit the case to move forward.") (emphasis added).

**3**

With regard to the Plaintiff's third count alleging denial of access to federally funded programs and fifth count alleging arbitrary and capricious government action, the Defendants argue it is unclear as to what the Plaintiff is attempting to claim.  They correctly point out that the Plaintiff makes no citations to a statute, rule, or regulation within those counts.  The Plaintiff's Response suggests that his Count III is an extension of his ADA of 1975 claim ("Intercollegiate athletics fall within federally funded programs or activities"), and his Response is silent as to Count V. Pl.'s Resp. (D. 23 at ECF p. 5).  The Plaintiff cites *Engquist v. Oregon Department of Agriculture* in his Court V.  In *Engquist*, the plaintiff brought a class-of-one equal protection claim, alleging she was fired for "arbitrary, vindictive, and malicious reasons."  *Id*. at 595.  Even construing the Plaintiff's Amended Complaint liberally, as the Court must, the Plaintiff's Count V appears to be nothing more than an extension of his class-of-one equal protection claim.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]").  Therefore, because the Court has already determined the Plaintiff's Counts I and II fail to state a claim, so too do Counts III and V.

**C**

Because of the Court's finding that the Plaintiff fails to state a claim under the ADA of 1975 and under Section 1983 for violation of the Equal Protection Clause, no federal claims remain in this case.  Only Count IV for breach of implied contract pursuant to Illinois law remains.  "A district court has 'supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"  *West v. Hoy*, 126 F.4th 567, 575 (7th Cir. 2025) (quoting

28 U.S.C. § 1367(a)).  However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) [of Section 1367] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).  The Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining claim under Illinois law.

## III

On a final note, Defendant NJCAA has not yet appeared in this case.  There is no indication that NJCAA was ever properly served.  While the Court directed the Clerk to prepare a waiver of service directed to that Defendant in its January 5, 2026 Order (D. 3), the Court did that as a courtesy to the Plaintiff.  It remains a plaintiff's obligation to ensure that all defendants are timely served.  *See Rose v. U.S. Postal Serv.*, 352 F. App'x 8284 (7th Cir. 2009) (unpublished opinion) ("But neither a party's pro se status nor his inexperience as a litigant excuse him from complying with the requirements of Rule 4(m)."  (quoting *McMasters v. U.S.*, 260 F.3d 814, 818 (7th Cir. 2001))).  Federal Rule of Civil Procedure 4(m) requires a defendant be served within 90 days after the complaint is filed, and the court may on motion or on its own after notice to the plaintiff, dismiss the action without prejudice against that defendant or order that service be made within a specified time.  FED. R. CIV. P. 4(m).  The 90-day time limit in this case expired in early March 2026.  Unless the Plaintiff shows good cause for the failure to timely serve Defendant NJCAA by July 21, 2026, that defendant will be dismissed without prejudice.

## IV

For the reasons set forth *supra*, Defendants Spoon River College and John Kurtz's Motion to Dismiss Plaintiff's Amended Complaint (D. 17) is GRANTED.  The Amended Complaint (D. 12) is DISMISSED WITHOUT PREJUDICE.  The Plaintiff is granted leave to amend his complaint within 21 days if he believes he can do so consistent with this Order.  By July 21, 2026, the Plaintiff must show good cause, in

10

writing, why Defendant National Junior College Athletic Association has not yet been served in this case.

*It is so ordered.*

Entered on July 7, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE